UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAMEA BRIGGS,

        Plaintiff,

   v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 14-1254
(DAR)

## MEMORANDUM OPINION AND ORDER

Plaintiff Shamea Briggs brings this action to recover attorneys' fees and costs that she incurred in connection with administrative proceedings conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Complaint (Document No. 1). On April 2, 2015, the Court granted in part and denied in part Plaintiff's motion for summary judgment, awarding Plaintiff $20,934.78 in legal fees and costs for the successful prosecution of Plaintiff's administrative claims. *See* Order (Document No. 19). Plaintiff now seeks to recover fees and costs pertaining to that fee-collection litigation. Plaintiff's Motion for an Award of Attorney Fees and Costs ("Plaintiff's Motion") (Document No. 20). Upon consideration of the motion, the memoranda in support thereof and opposition thereto, the attached exhibits, and the entire record herein, the court will grant in part and deny in part Plaintiff's motion.

**BACKGROUND**

Plaintiff Shamea Briggs is the parent of J.K., a minor student residing in the District of Columbia who is eligible to receive special education and related services. Complaint (Document No. 1) ¶¶ 2,4. On January 24, 2013, an administrative due process hearing under the IDEA was held with regard to J.K. *Id.* ¶ 4. That same day, the Hearing Officer issued a decision

finding that Plaintiff was the prevailing party. *Id.* On May 22, 2014, Plaintiff submitted a fee petition for $28,773.12, which became the subject of the previous fee litigation in this matter. *Id.* ¶ 5.

In an order adopting the Report and Recommendation issued by the Magistrate Judge to whom the matter had been referred, the assigned United States District Judge to whom this matter was then assigned awarded Plaintiff $20,934.78 in legal fees and costs. *See* Order (Document No. 19). In so doing, the Court the determined that based on the circumstances and complexity of the matter, Plaintiff was entitled to an award reflecting an hourly rate at three-quarters of her counsel's applicable hourly rate based on the *Laffey* matrix.[1] *Id.*; *see also* Report and Recommendation (Document No. 16) at 9.

**CONTENTIONS OF THE PARTIES**

Plaintiff submits that she was the prevailing party in this action and is, therefore, entitled to reasonable attorneys' fees and costs as provided by the applicable authorities. *See* Plaintiff's Points and Authorities in Support of Plaintiff's Motion for an Award of Attorney Fees and Costs ("Plaintiff's Memorandum") (Document No. 20-1) at 2. Accordingly, as a result of the aforementioned fee-collection litigation, Plaintiff seeks a total of $13,786.59, which reflects $13,313 in attorneys' fees at a rate of $520 per hour. Plaintiff's Memorandum (Document No. 20-1) at 2; *see also* Plaintiff's Invoice (Document No. 20-4); *see also* Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Attorney Fees (Plaintiff's Reply") (Document No. 22) at 4.[2] Plaintiff avers that the $520 hourly rate requested is a reflection of the applicable

---

[1] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), rev'd on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote omitted).
[2] Plaintiff includes an additional two hours that her counsel spent preparing her reply in this matter, therefore, increasing the original amount of attorneys' fees requested by $1,040. *See* Plaintiff's Reply (Document No. 22) at 4.

hourly rate for an attorney with expertise and experience of Plaintiff's counsel, according to the *Laffey* matrix. Plaintiff's Memorandum (Document No. 20-1) at 2-3. However, on May 28, 2015 at hearing before the undersigned, counsel for Plaintiff indicated that she is willing to accept an award at three-quarters of her applicable *Laffey* rate, given that the Court had previously determined that such a percentage was appropriate in this matter. In addition, Plaintiff further contends that the number of hours requested are also reasonable. Plaintiff's Memorandum (Document No. 20-1) at 4-5; Plaintiff's Reply (Document No. 22) at 4.

Through written submissions, and on the record at the May 28, 2015 hearing, Defendant urges the court to use its discretion to deny Plaintiff any additional award of attorney's fees.[3] *See* Defendant's Opposition to Plaintiffs' Motion for an Award of Attorney's Fees and Costs ("Defendant's Opposition") (Document No. 21) at 3-5. Defendant argues that an "automatic award of fees on fees . . . inhibits settlement and unnecessarily burdens judicial and government resources." *Id.* at 4. In the alternative, Defendant argues that Plaintiff's award should be significantly reduced to reflect one-half of the applicable *Laffey* rate for Plaintiff's attorney, given the straight-forward nature of the fee-collection litigation. *Id.* at 5-6. Additionally, Defendant contends that the already reduced award should be reduced once again to reflect Plaintiff's "limited success" in the previous attorneys' fees matter. *Id.* at 6-7. With regard to the number of hours billed, Defendant takes issue with regard to only four and one half hours, reflecting the time Plaintiff's counsel spent preparing the motion for attorneys' fees and subsequent reply. *Id.* at 7-8; *see also* Plaintiff's Reply (Document No. 22) at 4. Defendant argues that these actions are too attenuated from Plaintiff's underlying due process complaint to be compensable. Defendant's Reply at 7-8.

---

[3] Defendant raises no issue with regard to the costs associated with the instant action.

**APPLICABLE STANDARDS**

In actions for attorney's fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). "Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" *Kaseman v. District of Columbia*, 444 F. 3d 637, 640 (D.C. Cir. 2006) (quoting *Envtl. Def. Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). In evaluating such a request, the court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, must then evaluate whether the requested fees are reasonable. *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) (citing *Staton v. District of Columbia*, No. 13–773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014), adopted by, 2014 WL 2959017; *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 40 (D.D.C. 2014)).

As the Circuit recently observed, "[t]he IDEA provides no further guidance for determining an appropriate fee award." *Eley v. District of Columbia*, 793 F. 3d 97, 100 (D.C. Cir. 2015). Thus, the common mechanism for the determination of a reasonable award is generally "the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Wood*, F. Supp. 3d at 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party requesting fees bears the burden of demonstrating the reasonableness of the hours expended, and "may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id.* (citing *Hensley*, 461 U.S. at 433). The party requesting fees "also bears the burden of establishing the reasonableness of the hourly rate sought," and in doing so, "must submit evidence on at least three fronts: the attorneys' billing practices; the attorneys' skill,

experience, and reputation; and the prevailing market rates in the relevant community." *Wood*, 72 F. Supp. 3d at 18-19 (internal quotation marks omitted) (citing *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995)).  If the party requesting fees satisfies its burden, "there is a presumption that the number of hours billed and the hourly rates are reasonable," and "the burden then shifts to the [opposing party] to rebut" this presumption.  *Id.* (citations omitted) (quoting another source) (internal quotation marks omitted).

In this jurisdiction, the *Laffey* Matrix serves as the commonly accepted benchmark for the determination of prevailing market rates for attorneys' fees in complex federal court litigation. *See Eley*, 793 F. 3d at 100.  "The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . . The fee applicant should also submit evidence, including affidavits, regarding her counsel's general billing practices, skill, experience and reputation."  *Wood*, 72 F. Supp. 3d at 21 (quoting *Baker v. District of Columbia Pub. Sch.*, 815 F. Supp. 2d 102, 114 (D.D.C. 2011)) (citations omitted) (internal quotation marks and alterations omitted).

With regard to fee-collection or fees-on-fees litigation in IDEA matters, it is well settled that the straightforward nature of the proceedings warrants an award at one-half of an attorney's applicable *Laffey* rate.  *See, e.g., Briggs v. District of Columbia*, 102 F. Supp. 3d 164, 169 (D.D.C. 2015); *Turley v. District of Columbia*, No. 14-0004, 2015 WL 7292752, at *5 (D.D.C. Oct. 20, 2015); *Staton v. District of Columbia*, No. 13–cv–1966, 2015 WL 5728884, at *5 (D.D.C. Sept. 30, 2015); *Means v. District of Columbia*, 999 F. Supp. 2d 128, 136 (D.D.C. 2013); *Garvin v. District of Columbia*, 910 F. Supp. 2d 135, 140 (D.D.C. 2012); *Wright v. District of Columbia*, 883 F. Supp. 2d 132, 135 (D.D.C. 2012); *Collins v. District of Columbia*, No. 15-00136, 2015 WL 7720464, at *10 (D.D.C. Nov. 30, 2015).

In addition, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Therefore, a "success based" reduction in an award may be warranted given certain circumstances. *See Briggs*, 102 F. Supp. 3d at 171 (further reducing an award to reflect the fact that counsel was only awarded three-quarters of their applicable *Laffey* rate with regard to the initial fees litigation).

**DISCUSSION**

*Plaintiff Has Not Met Her Burden With Regard to the Reasonableness of Her Hourly Rate*

The court finds that an award of attorneys' fees for Plaintiff's counsel at the full *Laffey* rate is not warranted under these circumstances. Plaintiff was, in fact, the prevailing party with regard to the previous fees litigation, and is, therefore, entitled to reasonable attorneys' fees given such circumstances. However, in accordance with the established precedent of this jurisdiction, Plaintiff's award of attorneys' fees in this action should be awarded at one-half of her attorney's applicable *Laffey* rate, given the straightforward and routine nature of the fees on fees litigation.[4] Simply put, the nature of fees-on-fees proceedings categorically do not present sufficient complexity to justify an award at higher rate. Furthermore, Plaintiff's award should be reduced to proportionately reflect her partial success in the initial fees litigation in which she was ultimately awarded three-quarters of her attorney's applicable *Laffey* rate. *Briggs*, 102 F.Supp.3d at 171. The applicable *Laffey* rate for Plaintiff's attorney, given her experience, is $520 per hour. After reducing that $520 amount by one-half, the hourly rate is $260. Furthermore, after

---

[4] With regard to fee litigation in IDEA actions, the undersigned typically applies a case-by-case determination and rejects the notion of a categorical approach with regard to *Laffey* rate percentages. That said, the undersigned has determined that such a case-by-case analysis is not warranted for fees-on-fees litigation, given the nature and circumstances of such proceedings.

reducing that $260 rate by an additional one-quarter to represent the previous three-quarters *Laffey* rate award, Plaintiff's appropriate final hourly rate for the instant fees-on fees petition is $195.

### *Plaintiff Has Met Her Burden With Regard to the Reasonableness of Her Number of Hours*

The court finds that the number of hours billed by Plaintiff's attorney is reasonable. As previously mentioned, only 4.5 hours are in dispute. Plaintiff is entitled to reimbursement for the time spent by her attorney preparing her respective submission to this court. *See Jones v. District of Columbia*, No. 15-155, 2015 WL 9907797, at *5 (D.D.C. Oct. 29, 2015 (rejecting the argument that preparation of a motion in fees-on-fees litigation is too attenuated from the administrative process). Therefore, Plaintiff is entitled to reimbursement for 25.90 hours. *See* Plaintiff's Invoice (Document No. 20-4) at 3; *see also* Plaintiff's Reply (Document No. 22) at 4.

Accordingly, this court awards Plaintiff $5,050.50 in attorneys' fees and $473.59 in costs.

**CONCLUSION**

For all the foregoing reasons, it is, this 23rd day of March, 2016,

**ORDERED** that Motion for an Award of Attorney Fees and Costs (Document No. 20) be **GRANTED IN PART**, and that fees and costs of $5,524.09 be awarded.

                                                    /s/
                                    DEBORAH A. ROBINSON
                                    United States Magistrate Judge